UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AMERICAN TALENT AGENCY, INC.                      :
                                                  :    07 CV 8216 (PKC)
                    Plaintiff,                    :    (ECF case)
                                                  :
             -against-                            :
                                                  :
BARRETT LARODA, and                               :    **ANSWER OF**
LARODA GROUP, INC.                                :    **DEFENDANTS**
                                                  :    **BARRETT LARODA AND**
                    Defendants.                   :    **LARODA GROUP, INC.**
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

     Defendants Barrett LaRoda and LaRoda Group, Inc. ("LaRoda" and/or "Defendants"), by and through their attorneys, Dewey & LeBoeuf LLP, hereby answers the Complaint dated September 12, 2007, ("the Complaint") of the Plaintiff, American Talent Agency, Inc., (the "Plaintiff"), and hereby respectfully alleges as follows:

## NATURE OF THE ACTION

    1. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two and three of paragraph 1 of the Complaint and denies the allegations in the remainder of paragraph 1.

## THE PARTIES

    2. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

    3. LaRoda denies the allegations in paragraph 3 of the Complaint, except avers that LaRoda Group, Inc. is a Nevada Corporation that is registered to do business in Los Angeles, with its Principal place of business as 6512 Balboa Blvd, Suite 4, Lake Balboa, CA 91406.

4. LaRoda admits the allegations in paragraph 4 of the Complaint.

5. LaRoda denies the allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. In response to paragraph 6 of the Complaint, LaRoda refers all questions of law to the Court and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

7. In response to paragraph 7 of the Complaint, LaRoda refers all questions of law to the Court and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## FACTUAL ALLEGATIONS

8. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. LaRoda admits the allegations in paragraph 9 of the Complaint.

### The Agreement, Partnership and Joint Venture

10. LaRoda denies the allegations in paragraph 10 of the Complaint.

11. LaRoda denies the allegations in paragraph 11 of the Complaint.

12. LaRoda denies the allegations in paragraph 12 of the Complaint.

13. LaRoda denies the allegations in paragraph 13 of the Complaint.

14. LaRoda denies the allegations in paragraph 14 of the Complaint.

15. LaRoda denies the allegations in paragraph 15 of the Complaint.

16. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two and three of paragraph 16 of the Complaint and denies the allegations in the remainder of paragraph 16.

17. LaRoda denies the allegations in paragraph 17 of the Complaint.

18. LaRoda denies the allegations in paragraph 18 of the Complaint.

**Tobago Jazz Festival 2005**

19. LaRoda denies the allegations in paragraph 19 of the Complaint.

20. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. LaRoda denies the allegations in paragraph 22 of the Complaint.

23. LaRoda denies the allegations in paragraph 23 of the Complaint.

24. LaRoda denies the allegations in paragraph 24 of the Complaint.

25. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two of paragraph 25 of the Complaint and denies the allegations contained in sentence 1 of paragraph 25.

26. LaRoda denies the allegations in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint cannot be admitted or denied as phrased and accordingly is denied.

28. LaRoda denies the allegations in paragraph 28 of the Complaint.

29. LaRoda denies the allegations in paragraph 29 of the Complaint.

**Plymouth Jazz Festival 2006**

30. LaRoda denies the allegations in paragraph 30 of the Complaint.

31. LaRoda denies the allegations in paragraph 31 of the Complaint.

32. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in sentences one and three of paragraph 32 of the Complaint and denies the allegations in sentence two of paragraph 32.

33. LaRoda denies the allegations in paragraph 33 of the Complaint.

34. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two of paragraph 34 of the Complaint and denies the allegations in sentence one of paragraph 34.

35. LaRoda denies the allegations in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint cannot be admitted or denied as phrased and accordingly is denied.

37. LaRoda denies the allegations in paragraph 37 of the Complaint.

38. LaRoda denies the allegations in paragraph 38 of the Complaint.

39. LaRoda denies the allegations in paragraph 39 of the Complaint.

40. LaRoda denies the allegations in paragraph 40 of the Complaint.

41. LaRoda denies the allegations in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint cannot be admitted or denied as phrased and accordingly is denied.

43. LaRoda denies the allegations in paragraph 43 of the Complaint.

**Plymouth Jazz Festival 2007**

44. LaRoda denies the allegations in paragraph 44 of the Complaint.

45. LaRoda denies the allegations in paragraph 45 of the Complaint.

46. LaRoda denies the allegations in paragraph 46 of the Complaint.

47. LaRoda denies the allegations in paragraph 47 of the Complaint.

48. LaRoda denies the allegations in paragraph 48 of the Complaint.

49. LaRoda denies the allegations in paragraph 49 of the Complaint.

50. LaRoda denies the allegations in paragraph 50 of the Complaint.

51. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two of paragraph 51 of the Complaint and denies the allegations in sentence one of paragraph 51.

52. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. LaRoda denies the allegations in paragraph 53 of the Complaint.

54. LaRoda denies the allegations in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint cannot be admitted or denied as phrased and accordingly is denied.

56. LaRoda denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. LaRoda denies the allegations in paragraph 57 of the Complaint.

58. LaRoda denies the allegations in paragraph 58 of the Complaint.

59. LaRoda denies the allegations in paragraph 59 of the Complaint.

## Future Festivals

60. Paragraph 60 of the Complaint cannot be admitted or denied as phrased and accordingly is denied.

61. Paragraph 61 of the Complaint cannot be admitted or denied as phrased and accordingly is denied.

62. LaRoda denies the allegations in paragraph 62 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

63. LaRoda incorporates by reference each and every response set forth in paragraphs 1 through 62, as fully set forth herein.

64. LaRoda denies the allegations in paragraph 64 of the Complaint.

65. LaRoda denies the allegations in paragraph 65 of the Complaint.

66. LaRoda denies the allegations in paragraph 66 of the Complaint.

67. LaRoda denies the allegations in paragraph 67 of the Complaint.

68. LaRoda denies the allegations in paragraph 68 of the Complaint.

## COUNT II
## BREACH OF FIDUCIARY DUTY

69. LaRoda incorporates by reference each and every response set forth in paragraphs 1 through 68, as fully set forth herein.

70. LaRoda denies the allegations in paragraph 70 of the Complaint.

71. LaRoda denies the allegations in paragraph 71 of the Complaint.

72. LaRoda denies the allegations in paragraph 72 of the Complaint.

73. LaRoda denies the allegations in paragraph 73 of the Complaint.

74. LaRoda denies the allegations in paragraph 74 of the Complaint.

75. LaRoda denies the allegations in paragraph 75 of the Complaint.

76. LaRoda denies the allegations in paragraph 76 of the Complaint.

## COUNT III
## PROMISSORY ESTOPPEL

77. LaRoda hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 76 of this Complaint as through fully set forth herein.

78. LaRoda denies the allegations in paragraph 78 of the Complaint.

79. LaRoda denies the allegations in paragraph 79 of the Complaint.

80. LaRoda denies the allegations in paragraph 80 of the Complaint.

81. LaRoda denies the allegations in paragraph 81 of the Complaint.

82. LaRoda denies the allegations in paragraph 82 of the Complaint.

## COUNT IV
## UNJUST ENRICHMENT

83. LaRoda hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 82 of this Complaint as though fully set forth herein.

84. LaRoda denies the allegations in paragraph 84 of the Complaint.

85. LaRoda denies the allegations in paragraph 85 of the Complaint.

86. LaRoda denies the allegations in paragraph 86 of the Complaint.

## GENERAL DENIAL

87. LaRoda denies any allegation in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

88. Plaintiff's Complaint fails to state any claim(s) upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

89. Plaintiff is barred from recovery as Plaintiff lacks privity of contract to bring this action.

## THIRD AFFIRMATIVE DEFENSE

90. Plaintiff's allegations are barred by the applicable Statute of Frauds.

## FOURTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages and/or any damages alleged are too speculative and imprecise.

## SIXTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred by the doctrine of discharge.

## SEVENTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its damages.

## NINTH AFFIRMATIVE DEFENSE

96. To the extent Plaintiff has suffered any harm, which Defendants deny, such harm was proximately caused by other defendants and/or by third parties, not by Defendants. As such, at a minimum, Defendants are entitled to indemnity and/or contribution from such actors.

## TENTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

98. Defendants at all times acted in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

99. Plaintiff cannot establish facts sufficient to support an award of punitive damages. Plaintiff is barred from recovery of punitive or exemplary damages by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

100. Defendants were agents for a disclosed principal, and as such, there is no liability that can attach to Defendants for the claims as set forth in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

101. To the extent, if any, that Plaintiff suffered damages, those damages were not directly or proximately caused by the Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

102. Plaintiff is barred from recovery as it has failed to join indispensable and necessary parties to this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

103. The complaint may contain insufficient information to permit the Defendants to raise all appropriate defenses. Moreover, discovery may reveal additional defenses. Accordingly, Defendants reserve the right to amend and/or to supplement its answer and affirmative defenses.

WHEREFORE, Defendants respectfully request that the Court:

1. Dismiss Plaintiff's Complaint and each claim for relief therein with prejudice;

2. Award the Defendants their reasonable costs and attorneys' fees incurred in having to defend this action, and

3. Award the Defendants such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
       February 25, 2008

                         DEWEY & LEBOEUF LLP

                         _____/s/_____
                         L. Londell McMillan
                         Frank C. Salzano
                         125 West 55th Street
                         New York, New York 10019
                         Phone:  (212) 424-8000
                         Facsimile: (212) 424-8500

                         *Attorneys for Defendants*
                         *Barrett LaRoda and*
                         *LaRoda Group, Inc.*